J-S63026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON R. RAYFORD, | |
| Appellant | No. 3249 EDA 2015 |

Appeal from the PCRA Order September 30, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000016-2008, CP-15-CR-0001637-2007, CP-15-CR-0002076-2007, CP-15-CR-0002079-2007

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 03, 2016**

Appellant, Jason R. Rayford, *pro se*, appeals from the order denying his third petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized part of the procedural history of this matter as follows:

> On March 31, 2008, after a trial spanning six (6) days . . . , a jury convicted [Appellant] of numerous charges in connection with the robberies of four (4) banks in Chester County, Pennsylvania over the course of six (6) months beginning September 30, 2006 and ending March 3, 2007.  All four (4) dockets were consolidated together for purposes of trial.

_____

[*]  Former Justice specially assigned to the Superior Court.

- 1 -

[Appellant was sentenced] on October 24, 2008 to an aggregate term of twenty (20) to forty (40) years in a state correctional facility. [Appellant's] sentence consisted of four (4) mandatory minimums of ten (10) to twenty (20) years under 42 Pa.C.S.A. § 9714(a)(1), as [Appellant] already had two (2) prior convictions for Aggravated Robbery in the State of Tennessee. [The sentencing court] ran two (2) of these four (4) mandatories consecutive to each other and two (2) of them concurrently with each other. While [the sentencing court] initially made one of the mandatories run consecutive to a three (3) to ten (10) year term at Count I of docket number 15-CR-0002079-2007, [the sentencing court] modified [Appellant's] sentence on March 2, 2009 pursuant to a post-sentence Motion to Modify and Reduce Sentence filed on November 3, 2008, wherein [Appellant] raised a challenge to the legality of his mandatory sentences, to make this mandatory run concurrently with the three (3) to ten (10) year term. Thus, [Appellant's] aggregate sentence in the above-captioned matters is twenty (20) to forty (40) years, consisting of four (4) mandatory minimums of ten (10) to twenty (20) years each, two (2) of which run consecutively to one another and two (2) of which run concurrently, with the remaining sentences on all of the lesser offenses for which [Appellant] was convicted running concurrently with the mandatories.

PCRA Court Opinion, 12/7/15, at 2-3.

Appellant timely appealed, and this Court affirmed his judgment of sentence on February 17, 2010. *Commonwealth v. Rayford*, 998 EDA 2009, 996 A.2d 14 (Pa. Super. filed February 17, 2010). Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court on March 19, 2010, which was denied on September 16, 2010. *Commonwealth v. Rayford*, 196 MAL 2010, 8 A.3d 344 (Pa. filed September 16, 2010). Appellant did not file a writ for *certiorari* with the United States Supreme Court.

On September 9, 2011, Appellant, *pro se*, filed his first PCRA petition. PCRA Petition, 9/9/11. Counsel was appointed and was later permitted to withdraw pursuant to **Turner/Finley**.[1] Order, 12/27/11. Appellant's first PCRA petition was dismissed by order entered December 27, 2011. Order, 12/27/11. On appeal, this Court dismissed Appellant's appeal due to his failure to file a brief. Order, 374 EDA 2012, 7/23/12.

On October 27, 2014, Appellant, *pro se*, filed a second PCRA petition. PCRA Petition, 10/27/14. On December 11, 2014, Appellant's second PCRA petition was dismissed as untimely. Order, 12/11/14.

On August 24, 2015, Appellant, *pro se*, filed the instant, third PCRA petition. PCRA Petition, 8/24/15. On September 30, 2015, the PCRA court dismissed the petition as untimely. Order, 9/30/15. Appellant timely appealed. Appellant was directed to file a Pa.R.A.P. 1925(b) statement, and he timely complied. The PCRA court prepared an opinion pursuant to Pa.R.A.P. 1925(a).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be

_____

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 3 -

disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Cintora*, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42

---

[2] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant was sentenced on March 2, 2009.[3] As noted, Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on February 17, 2010. Appellant's petition for allowance of appeal was denied on September 16, 2010. Appellant did not file a petition for writ of *certiorari*.

Accordingly, Appellant's judgment of sentence became final on December 15, 2010, when the time for seeking *certiorari* from the United

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[3] As noted, Appellant was originally sentenced on October 24, 2008. After the sentencing court's consideration of his post-sentence motion, his sentence was modified on March 2, 2009.

- 5 -

States Supreme Court expired.[4]  ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").  Therefore, Appellant had to file the current PCRA petition by December 15, 2011, in order for it to be timely.  Appellant did not file the instant PCRA petition until August 24, 2015.  Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA.  42 Pa.C.S. § 9545(b)(1).  If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.  42 Pa.C.S. § 9545(b)(2).  This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence.  ***See Commonwealth v. Fowler***, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

---

[4]  Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court.  ***Commonwealth v. Hackett***, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

In his brief, Appellant asserts that he was sentenced illegally and that *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and related recent Pennsylvania case law, is applicable to his case. Appellant's Brief at 9 (unnumbered). Appellant asserts that "[s]ince the Appellant was sentenced under the mandatory minimum statute, which has since been ruled unconstitutional, the Appellant is serving an illegal sentence. Therefore, his judgment of sentence must be vacated." *Id.* at 10. Thus, Appellant's argument may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

> In *Alleyne,* the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In *Alleyne,* the United States Supreme Court expressly overruled *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. *Alleyne* also implicitly abrogated *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an *Apprendi* attack in the *Harris* decision.
>
> In *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super.2014) (relying upon *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa.Super.2013) (*en banc*)), we noted that *Alleyne* will be applied to cases pending on **direct appeal** when *Alleyne* was issued.

*Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

While this Court has held that *Alleyne* applies to cases that were on direct appeal when *Alleyne* was issued, we have declined to construe that decision as applying retroactively to cases in which the judgment of sentence has become final.

> In concluding *Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the [*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014)] Court explained:
>
>> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.
>
> *Id.* at 995 (citations omitted) (emphasis supplied).

*Commonwealth v. Ruiz*, 131 A.3d. 54, 58 (Pa. Super. 2015) (emphasis in original). Indeed, our Supreme Court recently held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

As noted, Appellant's judgment of sentence became final on December 15, 2010. *Alleyne* was decided on June 17, 2013. *Alleyne*, 133 S.Ct. at 2151. Appellant's judgment of sentence was finalized years before *Alleyne*

was decided. Therefore, Appellant's PCRA petition does not qualify for the new constitutional-right exception to the PCRA time-bar under *Alleyne*.

Additionally, we note that although a challenge based on *Alleyne* does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." *Miller*, 102 A.3d at 995-996. Thus, the PCRA court properly dismissed Appellant's instant PCRA petition as untimely. It was filed beyond the one-year general deadline, and Appellant cannot rely on *Alleyne* or its progeny to invoke the timeliness exception at section 9545(b)(1)(iii).[5]

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007)

---

[5] We also note that to the extent Appellant argues in his petition that the PCRA one-year time-bar does not apply in this case because *Alleyne* is "newly-discovered evidence," PCRA petition, 8/24/15, at 3, this Court has ruled that judicial decisions are not facts for purposes of 42 Pa.C.S. § 9545(b)(1)(ii). *See Cintora*, 69 A.3d at 763 ("a judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception set forth in section 9545(b)(1)(ii) of the PCRA.").

("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/3/2016